# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:09CR40 |
| | § | |
| AARON HOLT | § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On August 12, 2013, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Aaron Holt. The government was represented by Jim Noble, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk.

Pursuant to a written Plea Agreement, Defendant pled guilty to the offense of Felon in Possession of a Firearm, a Class C felony and Count 1 of a four-count indictment. Count 1 carried a statutory maximum imprisonment term of 10 years. The United States Sentencing Guideline range, based on a total offense level of 19 and a criminal history category of IV, was 46 to 57 months. On November 10, 2009, Chief District Judge Leonard Davis sentenced Defendant to 57 months imprisonment followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include drug treatment. On February 25, 2013, Defendant completed the term of imprisonment and began his term of supervised release in the Eastern District of Texas.

Under the terms of supervised release, Defendant was prohibited from committing another crime; leaving the judicial district without permission of the Court or probation officer; was required to report to the probation officer as directed, submitting a truthful and complete written report within the first five days of each month; and was required to notify the probation

officer ten prior to any change of residence or employment. In its petition, the government alleges that Defendant violated his term of supervised release when he (1) committed the offense of evading arrest; (2) traveled outside the district without permission; (3) failed to report; and (4) failed to notify the probation officer of a change in residence.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by committing another crime, leaving the judicial district without permission, failing to report, and failing to notify the probation officer of a change in residence, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the Court may revoke probation or supervised release or extend the term of supervised release and/or modify conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of IV, the Guideline imprisonment range for a Grade C violation is 6 to 12 months. U.S.S.G. § 7B1.4(a).

At the hearing, Defendant pled true to the allegations set forth above. The government recommended 9 months imprisonment, with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant Aaron Holt be committed to the custody of the Bureau of Prisons for a term of imprisonment of 9 months, with no supervised release to follow.

Defendant has waived his right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge Leonard Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 16th day of August, 2013.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE